J-S35034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :              PENNSYLVANIA
                                          :
               v.                          :
                                          :
                                          :
KEVIN EARL MILLER                 :
                                          :
             Appellant           :    No. 511 MDA 2024

Appeal from the Judgment of Sentence Entered September 9, 2022
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000269-2021

BEFORE: PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY KING, J.:           **FILED: NOVEMBER 15, 2024**

Appellant, Kevin Earl Miller, appeals *nunc pro tunc* from the judgment of sentence entered in the Union County Court of Common Pleas, following his jury trial convictions for possession of a controlled substance with the intent to deliver ("PWID"), possession of a controlled substance, and possession of drug paraphernalia.[1] We affirm.

The relevant facts and procedural history of this case are as follows. The Commonwealth charged Appellant with the above-mentioned offenses and Appellant proceeded to a jury trial on July 11, 2022. At trial, Officer Amanda DePauw testified that she was in Appellant's residence on June 7, 2021,[2] when she observed a small plastic container containing a white

---

[1] 35 P.S. §§ 780-113(a)(30), (16), and (32), respectively.

[2] The court informed the jury that Officer DePauw was lawfully in Appellant's residence. The court excluded evidence concerning why the officer was there.

powdery substance and a spoon in the freezer containing some unknown substance on it. Officer DePauw notified Officer Matthew Haulman of her observations, and he arrived on the scene shortly thereafter.

Officer Haulman testified that Appellant and Officer DePauw were the only individuals present at the residence when he arrived, and he was not aware of any other individuals that lived in the residence with Appellant. Appellant initially denied the presence of drugs in the house but upon further questioning, indicated that if, "hypothetically speaking," there were drugs in the house, they could be in the cupboard in the kitchen and in the nightstand next to the bed. In the cupboard, Officer Haulman found a digital scale, small plastic baggies, glass smoking pipes, a hypodermic needle and other paraphernalia. Officer Haulman testified that based on his training and experience, digital scales such as the one found in the cupboard are typically used to measure and package controlled substances for sale.

Officer DePauw testified that she searched the drawer of the nightstand next to the bed. Inside, she found a locked metal lockbox and a Ziplock bag containing a large quantity of what she suspected to be methamphetamine. Based on her training and experience, Officer DePauw testified that the large quantity of methamphetamine present indicated that it was kept for more than personal use. The key to the metal lockbox was recovered from Appellant's pocket. Inside the lockbox, the officers found cash and individually wrapped plastic baggies of suspected drugs. Based on her training and experience, Officer DePauw testified that the individually wrapped baggies are the

- 2 -

packaging in which drugs are typically sold.

Shortly thereafter, Pennsylvania State Trooper Mark Reasner arrived at the scene. Appellant told Trooper Reasner that he did not know to whom the drugs and paraphernalia found in his residence belonged. Trooper Reasner seized and catalogued the evidence that was discovered by Officers DePauw and Haulman. The items seized included two digital scales, four small clear plastic baggies, eight yellow plastic baggies, and a hundred-gram weight. The cash found in the lockbox consisted of twenty-one $20 bills, one $5 bill, and five $1 bills, totaling $430.00. The substances found in the residence included 204.45 grams of methamphetamines and 4.88 grams of cocaine. Based on his training and experience, Trooper Reasner testified that the digital scales, hundred-gram weight, plastic baggies, quantity of drugs, and cash recovered indicated that Appellant was packaging and selling the substances found in his residence.

Appellant testified that he was home alone and woke up to the sound of his dog barking. When he walked into his kitchen, he saw Officers DePauw and Haulman in the house, looking in the freezer. Appellant testified that he left the room to get dressed and when he returned, the drugs and other items were on the dining room table. Then Officer Haulman handed Appellant a key to the lockbox and told him to open the box. As soon as Appellant opened the box with the key, Officer Haulman arrested Appellant. Appellant stated that he did not know where the drugs or paraphernalia found in his residence came from.

At the conclusion of the evidence, the jury found Appellant guilty of all charges. On August 23, 2022, the court sentenced Appellant to an aggregate term of 5 to 10 years' incarceration. On September 2, 2022, Appellant timely filed a post-sentence motion, claiming, in relevant part, that the verdict was against the weight of the evidence. The court denied the post sentence motion on September 8, 2022. On September 9, 2022, the court amended the sentence to add a 12-month period of probation to be served consecutive to Appellant's term of imprisonment. Thereafter, Appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA"),[3] seeking to reinstate his direct appeal rights *nunc pro tunc*. The court granted Appellant's PCRA petition and reinstated Appellant's direct appeal rights on March 8, 2024. On April 5, 2024, Appellant filed a timely notice of appeal *nunc pro tunc*. On April 8, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on April 22, 2024.

Appellant raises the following issue for our review:

> Whether the guilty verdict following Appellant's trial was against the weight of the evidence presented for Count 1 [PWID]?

(Appellant's Brief at 7).

Appellant asserts that he testified at trial that the controlled substances, paraphernalia, and cash recovered from his residence did not belong to him

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

and there was no testimony presented that any of these items were recovered from his person. Appellant claims that the Commonwealth did not present any direct evidence to demonstrate that he was manufacturing or delivering the controlled substances found in his residence. Appellant insists that the Commonwealth did not present an expert in the field of drug delivery to opine on the intended purpose of the contraband recovered and merely relied on the officers' speculation. Appellant argues that the evidence presented at trial demonstrates, at best, that Appellant was a drug user but failed to establish that Appellant possessed the controlled substances with the intent to distribute them. Appellant concludes that the jury's verdict was against the weight of the evidence, and this Court should vacate his conviction for PWID. We disagree.

When examining a challenge to the weight of the evidence, our standard of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408

(2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted). A "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." ***Commonwealth v. Rivera***, 603 Pa. 340, 363, 983 A.2d 1211, 1225 (2009), *cert. denied*, 560 U.S. 909, 130 S.Ct. 3282, 176 L.Ed.2d 1191 (2010). "[I]f there is any support in the record for the trial court's decision to deny the appellant's motion for a new trial based on weight of the evidence, then we must affirm." ***Commonwealth v. McFarland***, 278 A.3d 369, 385 (Pa.Super. 2022), *appeal denied*, ___ Pa. ___, 291 A.3d 863 (2023) (quoting ***Corvin v. Tihansky***, 184 A.3d 986, 992-93 (Pa.Super. 2018)).

Additionally:

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review.

***Commonwealth v. Trippett***, 932 A.2d 188, 198 (Pa.Super. 2007) (internal citation omitted).

Instantly, the trial court determined that the evidence firmly supported the jury's verdict that Appellant possessed a controlled substance with the intent to deliver. The Commonwealth presented evidence that controlled substances, paraphernalia, and a large amount of cash was recovered from a residence where Appellant was the sole inhabitant. Some of the contraband was found in a locked metal lockbox, the key to which was recovered from

Appellant's person. Based on their experience and training, the officers testified that the amount of drugs, the digital scales, the amount of cash, and the little plastic baggies indicated to them that Appellant possessed the drugs with the purpose of selling them. Although Appellant testified that the contraband was not his and that Officer Haulman gave him the key to the lockbox, the jury was free to reject Appellant's testimony as incredible and to accept the testimony of the Commonwealth's witnesses as credible. **See Champney, supra**. On this record, we discern no abuse of discretion in the trial court's denial of Appellant's weight of the evidence claim. **See id.** Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/15/2024